UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                                      CRIMINAL CASE NO. 08-20360

v.

AUGUSTUS MONTRELL TYLER,         HONORABLE SEAN F. COX
                                                     U.S. DISTRICT COURT
                Defendant.
_____/

## **ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

Defendant Augustus Montrell Tyler is charged with one count of manufacturing marijuana and one count of possessing with intent to distribute cocaine. Before the Court is Defendant's motion to dismiss the indictment, filed on July 28, 2008. Oral arguments on the motion to dismiss the indictment were presented by counsel on September 16, 2008. For the reasons stated below, the Court denies Defendant's motion to dismiss the indictment.

    **I.**      **Background**

On May 20, 2008, Officer Steve Colosky received a tip from a confidential informant that marijuana was being grown at 2162 West Coldwater Road, Mt. Morris Township, Michigan. Law enforcement began conducting surveillance of the residence. On May 29, 2008, Officer Scott Watson walked up to the porch of the house, allegedly in order to conduct a "knock and talk" investigation. Officer Watson alleges that from the porch, he could smell marijuana coming from inside the house.

Later on that same day, police observed Defendant Augustus Tyler drive up to the residence in a dark BMW, enter the house, and leave five minutes later. Police followed Defendant's car and then pulled Defendant over. Sergeant Jay Newcomber approached the driver-side of Defendant's

car and ordered Defendant to exit the car. Defendant refused and remained in the car. Officer Don Urban approached the car from the passenger side. Defendant then tried to escape by driving away, but Officer Urban was able to climb into the car on the passenger side. Police pursued Defendant in a high-speed chase. In Defendant's car, Officer Urban apparently wrestled with Defendant in an attempt to stop the car. In order to stop the car, Officer Urban was allegedly able to take control of the steering wheel and force Defendant's car to collide with another vehicle. Defendant fled on foot, but was soon captured by the police. After Defendant was arrested, police obtained a search warrant for the West Coldwater Road residence. Police recovered cocaine, marijuana plants and cuttings, and other drug paraphernalia.

During the grand jury proceedings, Special Agent Bruce Osterhagen of the Drug Enforcement Administration testified about the events surrounding Defendant's arrest. Agent Osterhagen was not present during Defendant's car chase and arrest and, thus, had no personal knowledge of the events. Instead, Agent Osterhagen gave an account of the events based on information gathered from the other police officers who were present. Defendant alleges that Agent Osterhagen gave false and inflammatory testimony that unduly biased the grand jury and tainted the issuance of an indictment. The two instances of this allegedly false testimony are the following:

1. Agent Osterhagen allegedly told the grand jury that when Defendant tried to drive away from the police, Defendant used his car to drag Officer Don Urban for a short distance. Defendant alleges that this is false because a video recording of the incident shows that Officer Urban's entire body was inside the car when it started moving forward.

2. Agent Osterhagen allegedly told the grand jury that Officer Urban hit Defendant in the face when they wrestled for control of the car during the chase, and Defendant said, "If you do that

2

again, I'm going to kill us both." This is in apparent contradiction to Officer Urban's police report which says that after Officer Urban hit Defendant in the face, Defendant said, "If you do that again, we'll crash a car head on."

**II.      Analysis**

The Sixth Circuit Court of Appeals has discussed the role of the grand jury in this way:

> The principal duties of grand jurors are to determine whether probable cause exists to believe that a crime has been committed and to protect the accused from unfounded criminal prosecutions. *United States v. Calandra*, 414 U.S. 338, 343, 38 L. Ed. 2d 561, 94 S. Ct. 613 (1974). In discharging their office, grand jurors traditionally have been "accorded wide latitude to inquire into violations of criminal law," and their investigation is "unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials." *Id.* A grand jury proceeding is not an adversary hearing to determine the guilt or innocence of the particular individual accused, but an *ex parte* investigation that decides whether prosecution shall commence. *Id.* at 343-44.

*United States v. Powell*, 823 F.2d 996, 999 (6th Cir. 1987). "The Fifth Amendment does not require federal courts to examine the sufficiency of the evidence upon which a grand jury relies to bring a true bill." *Id.* "The validity of an indictment is not affected by the type of evidence presented to the grand jury, even though that evidence may be incompetent, inadequate or hearsay." *United States v. Markey*, 693 F.2d 594, 596 (6th Cir. 1982) (citing *United States v. Calandra*, 414 U.S. 338 (1974); *Costello v. United States*, 350 U.S. 359 (1956)).

In his motion to dismiss the indictment, Defendant argues that Agent Osterhagen's flawed testimony biased the grand jury. At the September 16, 2008 hearing, Defendant conceded that he was not arguing that the grand jury was illegally constituted or improperly predisposed prior to Agent Osterhagen's testimony. Instead, Defendant argued that grand jury bias resulted solely from the testimony of Agent Osterhagen.

Even when assuming that Defendant's allegations concerning Agent Osterhagen's testimony

are true, the Court finds that Defendant's argument is meritless because the inadequacy of Agent Osterhagen's testimony is insufficient to create bias in the grand jury. Regarding grand jury bias, the Sixth Circuit Court of Appeals has stated the following:

> Finally, there is to be "strict application" of the rule against inquiry into grand jury processes except where it is alleged that the body is "biased or illegally constituted." [*United States v. Short*, 671 F.2d 178, 182 (6th Cir. 1982).] "Bias," as used in *Costello*, only "refers to a grand jury which is predisposed in one way or another . . . ." *United States v. Adamo*, 742 F.2d 927, 936 (6th Cir. 1984), cert. denied, 469 U.S. 1193, 105 S. Ct. 971, 83 L. Ed. 2d 975 (1985). A claim that the grand jury becomes biased because the prosecutor presented evidence which an appellant considers inadequate or incompetent "cannot be reconciled with the Supreme Court's holding" in *Costello*. *Id.* at 939.

*Powell*, 823 F.2d at 1001. Since Defendant's sole argument for bias rests on the argument that Agent Osterhagen's testimony was flawed, the Court cannot conclude that the grand jury was unduly biased. In addition, the Government argues compellingly in its response to the motion to dismiss the indictment, that there is no evidence that there was prosecutorial misconduct, or that such misconduct is a long-standing problem in the district. *See United States v. Azad*, 809 F.2d 291, 294 (6th Cir. 1986). Consequently, Defendant's claim that the indictment was tainted and should be dismissed due to grand jury bias has no merit.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to dismiss the indictment [docket entry #13] is **DENIED**.

**SO ORDERED.**

Dated:   September 22, 2008            s/Sean F. Cox
                                       HONORABLE SEAN F. COX
                                       UNITED STATES DISTRICT JUDGE

4

Certificate of Service

I hereby certify that on   September 23, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
             Christopher J. McGrath; Craig F. Wininger            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                          .

                                                                              s/Ruth A. Brissaud
                                                                              Ruth A. Brissaud, Case Manager
                                                                              (810) 341-7845