UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff,

                                      CRIMINAL CASE NO. 08-20360

v.

AUGUSTUS MONTRELL TYLER,          HONORABLE SEAN F. COX
                                                U.S. DISTRICT COURT
                  Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

Defendant Augustus Montrell Tyler is charged with one count of manufacturing marijuana and one count of possessing with intent to distribute cocaine. Before the Court is Defendant's motion to suppress evidence, filed on July 28, 2008. An evidentiary hearing was first held on October 17, 2008 and continued on October 23, 2008. At the hearings, the parties presented witness testimony and gave oral arguments. The parties then filed supplemental briefs on October 31, 2008. For the reasons below, the Court will deny the motion to suppress evidence.

    **I.**      **Background**

On May 20, 2008, Officer Steve Colosky received a tip from a confidential informant that marijuana was being grown at 2162 West Coldwater Road, Mt. Morris Township, Michigan. The informant said that an individual named "Boo" was responsible and that "Boo" drove a dark colored BMW. The Government alleges that one of its officers, Officer Scott Watson, had independent knowledge that "Boo" was a Flint narcotics dealer and that Defendant Augustus Tyler was known by the name of "Boo." Officer Donald Urban determined that the water bill for 2162 Coldwater was in Augustus Tyler's name. The Flint Area Narcotics Group ("FANG") began conducting

surveillance of the Coldwater residence.

On May 29, 2008, at approximately 11:30 a.m., the FANG team watching the house decided to conduct a "knock and talk." Officer Scott Watson walked up alone to the front porch of the house. The porch is a long concrete slab, covered by a roof supported by pillars. The porch is not enclosed and is visible from the street. It is also the primary means of access to the house.

Officer Watson stayed on the porch for approximately one minute. Officer Watson alleges that from the porch, he could detect a strong odor of marijuana coming from inside the house. Without knocking on the door, Officer Watson turned around and walked away from the house. Officer Watson told the rest of the FANG team about the marijuana odor, and the team agreed to seek a search warrant for the house. Officer Gregory Racosta was sent to obtain this search warrant from state court, while the other officers remained and continued their surveillance.

A little while later, the FANG team observed Defendant Augustus Tyler drive up in a dark BMW to the residence, enter the house, and then leave five minutes later. The officers began to follow Defendant in his car and directed uniformed Mt. Morris Township police officers to stop the car. Sergeant Jay Newcomber approached the driver side of Defendant's car and ordered Defendant to exit the car. Defendant refused and remained in the car. FANG Officer Don Urban approached the car from the passenger side. Defendant then tried to escape, but Officer Urban was able to climb into the car on the passenger side. During the ensuing high-speed chase, Officer Urban was able to take control of the steering wheel and force Defendant's car to collide with another vehicle. Defendant fled on foot, but was soon captured by the police. Defendant was arrested and brought to the Mt. Morris Township Police Department. Police recovered some keys from Defendant's

2

person.

The details of the chase were relayed to Officer Racosta, who added them to the application for a search warrant which he was in the process of preparing. Once the application was finished and the search warrant had been obtained from the state court judge, Officer Racosta notified Officer Urban by telephone. Officer Urban and the other officers then used Defendant's keys to enter the Coldwater residence and conducted a search. Inside, police found marijuana plants and cuttings, and other drug paraphernalia. With Defendant's keys, police unlocked a bedroom safe where they found cocaine.

Defendant has a slightly different account of the timeline of events. Defendant alleges that the search of the Coldwater residence started before Officer Racosta had arrived at the residence and before the search warrant had been obtained by the police.

**II.     Analysis**

Through his motion, Defendant seeks to suppress all evidence obtained following Officer Watson's attempted and incomplete "knock and talk." Defendant argues that the attempted "knock and talk" was unreasonable and violated the protections of the Fourth Amendment. As a consequence, Defendant argues that the traffic stop and the search warrant are invalid because they relied on what was discovered during the attempted "knock and talk." Accordingly, Defendant contends that all the incriminating evidence obtained during the traffic stop and the search of the residence is tainted and should be suppressed. Defendant also argues that the evidence recovered from the search of the house should be suppressed because the search occurred without a warrant.

Consensual encounters between law enforcement and a suspect do not violate the Fourth

Amendment. *United States v. Thomas*, 430 F.3d 274, 277 (6th Cir. 2005). "Consensual encounters do not lose their propriety, moreover, merely because they take place at the entrance of a citizen's home. A number of courts, including this one, have recognized "knock and talk" consensual encounters as a legitimate investigative technique at the home of a suspect or an individual with information about an investigation." *Id.* No level of suspicion is required to do a "knock and talk." *Id.* (citing *United States v. Waldon*, 206 F.3d 597, 602 (6th Cir. 2000)).

Defendant argues, however, that Officer Watson's actions did not constitute a true "knock and talk" situation. Defendant observes that police officers do not have an unfettered right to approach a house. Defendant further argues that this attempted and incomplete "knock and talk" was unreasonable under the circumstances because Defendant had a certain expectation of privacy.

The Court does not find Defendant's argument to be persuasive. Here, in this case, Defendant's porch is an unenclosed concrete slab without walls and only some pillars supporting the roof. The porch is the principal entryway and, even with the presence of nearby bushes, is visible to the public. It is reasonable for any visiting member of the public who wants to approach the house to come up on to the porch near the front door and spend a short time there. Officer Watson spent only a minute there before leaving the porch. The fact that Officer Watson did not knock on the door does not create his entrance onto the porch area for only a minute to be an unreasonable entry onto Defendant's property and a violation of Defendant's expectation of privacy. Accordingly, Officer Watson's incomplete "knock and talk" was not in violation of the Fourth Amendment.

In addition, the odor of marijuana which emanated from the Coldwater residence is not subject to Fourth Amendment protection. *United States v. Reed*, 141 F.3d 644 (1998). Marijuana

odor, which corroborates an anonymous tip about the presence of marijuana inside a house, is sufficient to establish probable case for a warrant. *United States v. Elkins*, 300 F.3d 638, 659-660 (6th Cir. 2002). Consequently, the traffic stop and the search warrant which resulted from the discovery of the marijuana odor are valid.

Defendant makes a final argument by asserting that the search of the Coldwater residence occurred before the search warrant had been issued. The evidence is unclear as to the exact timeline of when the warrant was signed by the state court judge. Some of the police officers testified that they were unsure as to when Officer Racosta, who had the warrant in his physical possession, came back to the Coldwater residence. Regardless of when Officer Racosta arrived at the house, Officers Racosta and Urban testified that Officer Racosta called Officer Urban on the telephone and notified him that the warrant had been signed before the police had entered the house. In addition, all of the police officers testified that the search of the residence did not occur before the warrant was signed.

In opposition, Defendant presented the testimony of a neighbor, Mr. Blackamore, who stated that he saw the police entering the house some time during the afternoon, perhaps a little after 2:00 p.m. The Court does not find that this testimony establishes the fact that the police entered the house before the warrant had been signed. Instead, upon considering the testimony presented by all the witnesses, the Court concludes that although the police may have entered the house before Officer Racosta was physically at the house with the warrant, the police began the search after Officer Urban was notified over the telephone by Officer Racosta that the warrant had been signed. Consequently, the Court finds that the search of the Coldwater residence was valid as it was supported by a valid search warrant. Defendant's motion to suppress evidence recovered from the search of the house

is without merit.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to suppress evidence [docket entry #14] is **DENIED**.

**SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 1, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 1, 2008, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager