UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUGUSTUS MONTRELL TYLER,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

Criminal Case No. 08-20360
Civil Case No. 10-11271

HON. SEAN F. COX
United States District Judge

OPINION & ORDER GRANTING RESPONDENT'S MOTION TO
DISMISS PETITIONER'S MOTION TO VACATE SENTENCE [Doc. No. 38]

In his March 29, 2010 "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255" [Doc. No. 31], Petitioner seeks to collaterally attack his 145 month sentence and conviction for the manufacturing of marijuana in violation of 21 U.S.C. § 841(a)(1). Specifically, Petitioner argues that his defense counsel denied him effective assistance of counsel as required by the Sixth Amendment, and that evidence was obtained against him in violation of his Fourth Amendment rights.

On May 26, 2010, Respondent filed a motion to dismiss Petitioner's motion to vacate sentence [Doc. No. 38], arguing that Petitioner had waived his right to contest these issues in his Rule 11 Plea Agreement. For the reasons that follow, the Court agrees, and will therefore **GRANT** Respondent's motion to dismiss [Doc. No. 38].

STANDARD OF REVIEW

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides as follows, in pertinent part:

1

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (internal citation omitted). Non-constitutional errors are generally outside the scope of § 2255 relief. *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (internal citation omitted).

## ANALYSIS

On December 9, 2008, Petitioner entered into a Rule 11 Plea Agreement with the Government [Doc. No. 28]. Under that agreement, the Government would dismiss a second count, recommend an adjustment for acceptance of responsibility, and provide a sentence cap - subject to category adjustments based on criminal history - of 121 to 151 months imprisonment. *Id.* Further, paragraph seven of the Rule 11 Plea Agreement includes an express waiver provision, which states as follows, in pertinent part:

> Defendant understands that defendants generally have the right collaterally to

> attack their convictions and sentences by post-conviction motions, petitions, or independent civil action. As part of this agreement, however, defendant knowingly and voluntarily <u>waives</u> that right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including - but not limited to - any proceeding under 28 U.S.C. § 2255.

*Id*. at pp.6-7 (emphasis in original). Page nine of the Rule 11 Plea Agreement also includes the following affirmation:

> By signing below, defendant acknowledges that he/she has read (or been read) this entire document, understands it, and agrees to its terms. He/She also acknowledges that he/she is satisfied with his/her attorney's advice and representation. Defendant agrees that he/she has had a full and complete opportunity to confer with his/her lawyer, and has had all of his/her questions answered by his/her lawyer.

*Id*. at 9. Immediately below this affirmation appears the signatures of both Petitioner and his attorney. *Id*.

At the December 9, 2008 plea hearing [*see* Doc. No. 34], Petitioner was placed under oath and acknowledged that he had reviewed all the provisions of the Rule 11 Plea Agreement with his attorney, and that he was satisfied with his attorney's advice and representation. Petitioner also testified that there was nothing within the plea agreement that he did not understand. At the plea hearing, the Court read the waiver of appeal and post-conviction rights language quoted *supra* to the Petitioner, and Petitioner acknowledged that he understood the provisions. After finding a factual basis in support of the plea, the Court then accepted the Rule 11 Plea Agreement.

In his instant motion, Petitioner argues that his counsel's representation was ineffective, due to his being advised to waive his direct appeal rights for what Petitioner now characterizes as an unfavorable plea agreement. [Petitioner's Br., Doc. No. 31, p.9]. In addition, Petitioner claims that certain evidence against him in this matter was obtained in violation of his Fourth

3

Amendment rights. *Id*. at 21.

In its motion to dismiss [Doc. No. 38], the Government argues that "[a]s [Petitioner's] motion deals with issues that he knowingly and voluntarily waived, rather than the validity of his guilty plea and waiver itself, it should be dismissed[.]" [Doc. No. 38, pp.5-6]. The Court agrees, and holds that Petitioner knowingly and voluntarily waived his right to contest these issues by signing the Rule 11 Plea Agreement in this matter.

The appeal waiver being contested by Petitioner in this matter is substantially similar to the waiver provision approved and upheld by the Sixth Circuit in *Davila v. United States*, 258 F.3d 448 (6th Cir. 2001). "When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." *Id*. at 451. In the instant case, Petitioner stated under oath at the plea hearing that he had spoken to his attorney regarding the charges and sentencing consequences, and that he had read and reviewed the Rule 11 Plea Agreement with his attorney. [Doc. No. 34, pp.6-7]. Petitioner then stated that he was satisfied with the advice of his attorney in this matter. *Id*. at 7.

At both Petitioner's plea and sentencing hearings, the Court read paragraph seven of the Rule 11 Plea Agreement - the waiver provision - to Petitioner aloud in open court, and both times Petitioner stated that he understood the provision. [Doc. No. 34, pp.10-11; Doc. No. 36, p.20]. On these facts, therefore, the Courts holds that Petitioner knowingly, intelligently, and voluntarily waived his right to contest the issues involved in the instant motion. Petitioner's arguments to the contrary are without merit.

## CONCLUSION

For the reasons explained *supra*, the Court **GRANTS** the Government's motion to

dismiss [Doc. No. 38], and **DISMISSES** Petitioner's "Motion to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody Pursuant to 28 U.S.C. § 2255" [Doc. No. 31].

**IT IS SO ORDERED.**

                                      S/Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Dated: September 29, 2010

I hereby certify that on September 29, 2010, a copy of the foregoing document was served upon counsel of record by electronic means and upon Augustus Montrell Tyler via First Class Mail at the address below:

Augustus Montrell Tyler
# 41781-039
FCI McKean
P O Box 8000
Bradford, PA 16701

                                      S/J. Hernandez
                                      Case Manager