UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 08-20360
        Honorable Linda V. Parker

AUGUSTUS TYLER,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF NO. 63)

On December 9, 2008, Defendant pleaded guilty to one count of manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1). (ECF No. 28.) The Honorable Sean F. Cox sentenced the Defendant on March 27, 2009, to a term of imprisonment of 145 months, followed by eight years of supervised release. The case subsequently was reassigned to the undersigned. On September 24, 2015, the Court reduced Defendant's sentence to 120 months after a retroactive change in the guidelines with the term of supervision left intact. (ECF No. 61.) The matter is presently before the Court on Defendant's Motion for Termination of Supervised Release. (ECF No. 63.) The Government opposes Defendant's request. (ECF No. 65.)

18 U.S.C. § 3583(e) sets forth the authority to modify a defendant's supervised release term. The statute reads, in relevant part:

> The court may, after considering the factors set forth in section [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e). The Sixth Circuit has stated that "[e]arly termination is a discretionary decision warranted in cases of changed circumstances, such as where the defendant exhibits 'exceptionally good behavior.'" *United States v. Campbell*, No. 05-6235, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (same).

In support of his motion for early termination of his supervised release term, Defendant claims to have completed most of his term and states that he has: (i) paid all of his fines and costs; (ii) has become a successful entrepreneur and property owner in Flint; (iii) has incurred no new contacts with the criminal justice system; and (iv) has a good relationship with his parole agent and has had no violations. (ECF No. 63 at Pg ID 604-05.)

In response, the Government does not contest the amount of time served on supervision. However, the Government sets forth factual details concerning the Defendant's prior criminal history, current conviction, and conduct post-release from custody. This criminal history includes Defendant's past violations of the law while on probation or parole. The Government further details that after Defendant began his current term of supervision that Defendant engaged in significant fraud. (ECF No. 65 at Pg ID 609.) This conduct resulted in the Court modifying the terms of Defendant's supervision, ordering him to be placed in a residential re-entry center for six months. (*See* ECF No. 62.)

This Court is not convinced that changed circumstances exist to warrant early termination of Defendant's supervised release term. The Court notes that Defendant may be complying with the rules governing his release—which is what is expected. *See United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) ("full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."). The Court also acknowledges Defendant's efforts of entrepreneurship and property ownership. However, the Court considering Defendant's history of probation and parole violations, even in the instant case, finds that there are no facts presented suggesting that there have been changed

circumstances justifying a modification. Therefore, the Court **DENIES** Defendant's motion (ECF No. 63.).

    **IT IS SO ORDERED**.

                                                   s/ Linda V. Parker
                                                   LINDA V. PARKER
                                                   U.S. DISTRICT JUDGE

Dated: May 4, 2022